UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDWARD RANDOLPH,

Plaintiff,

-against-

NYPD OFFICER JOHN DOE; NYPD OFFICER JOHN DOE; NYPD OFFICER JANE DOE; NYPD OFFICER JOHN DOE; NYPD OFFICER JOHN DOE,

Defendants.

25-CV-10491 (LLS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LOUIS L. STANTON, United States District Judge:

Plaintiff, who resides in Queens County, New York, brings this action *pro se*. He asserts claims, under 42 U.S.C. § 1983, arising from an incident in Midtown Manhattan and from multiple matters arising on unspecified dates in Queens County, New York. Plaintiff sues four unidentified "John Doe" Officers and one "Jane Doe" Officer from the New York City Police Department (NYPD).[1] By order dated June 9, 2026, the Court granted Plaintiff's amended request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.

**STANDARD OF REVIEW**

The Court must dismiss a complaint filed IFP, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

[1] Although Plaintiff writes in the complaint, "see attached for Defendant list continued," no list of additional defendants is attached to the complaint. In addition, although this action was filed on December 18, 2025, it could not proceed until Plaintiff submitted an amended IFP application.

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following facts are drawn from the complaint.[2] On December 18, 2022, Plaintiff was on 42nd Street in Midtown Manhattan, at approximately 7 p.m., for a family event honoring his

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

deceased nephew. (ECF 1 at 4.) Police Officers from the NYPD's Midtown South precinct allegedly "snatched" Plaintiff off the street, handcuffed and arrested him without due process, searched his pockets, and took him into custody without advising him of his rights. (*Id.* at 6.) Plaintiff alleges that "at the date and time of this incident [he] was physically assaulted on numerous occasions by named defendants." (*Id.* at 4.) At the time of the arrest, the officers also seized Plaintiff's electric bicycle and took his personal property without justification. Plaintiff was issued "seven or eight falsified traffic violations," which were ultimately dismissed on the ground that NYPD officers had failed to file legally acceptable accusatory instruments. (*Id.* at 8.)

Plaintiff states that he sues officers for their own actions and for an "assault by the civilian nurse at the hospital," which was recorded on the officers' body cameras. (*Id.* at 7.) Plaintiff states that officers, apparently on the same day as his arrest, "tried to have [him] admitted for alleged suicidal ideations." (*Id.*)

At the Midtown South Precinct station house, Plaintiff was "expressi[ng] [his] frustrations at being illegally detained . . . ." (*Id.* at 6.) After speaking out to a female police supervisor, Plaintiff was subjected to a "physical and somewhat sexual" assault by "members of the NYPD." (*Id.* at 5.) Plaintiff states that the "female officer is named as a defendant because she specifically failed to intervene in the physical and somewhat sexual assault that had taken place on her watch as she was said to have been the desk [sergeant]." (*Id.*) Midtown South officers released Plaintiff to officers from the 109th Precinct in Queens, after learning that there was an active warrant for Plaintiff in Queens County "for an alleged menacing complaint." (*Id.* at 8.) At that point, "a whole new wave of civil violations" occurred, including seizure of Plaintiff's vehicle. (*Id.*)

"[A]t least six officers from the 109th precinct" engaged in "various acts of misconduct, including harassment, unlawful search and seizure and various other civil rights violations and deprivations as a result of the actions of each individual named in this complaint." (*Id.* at 9.)

Plaintiff attaches a Queens District Attorney's Office ("DA") Property Release request dated May 23, 2024, which is nearly two years after the events arising in the Midtown South precinct. An NYPD Property Clerk Invoice lists a red E-bike recovered June 14, 2024, in Queens, as arrest evidence related to charges for an unregistered motorized scooter. On July 16, 2024, the Queens DA's Office emailed Plaintiff that items associated with Voucher #4001115935 and Arrest #Q24622946 were released to the Queens County Property Clerk. On September 6, 2024, the Queens DA issued a Property Release stating the red 2023 E-bike on Voucher #4001115935 tied to Arrest #Q24622946 was no longer needed as evidence.

Plaintiff asserts claims, under 42 U.S.C. § 1983, for alleged violations of his rights under the Eighth and Fourteenth Amendments. He brings claims for unlawful arrest and imprisonment, unlawful search and seizure, assault, failure to intervene, harassment, and other civil rights violations arising in Queens County and Manhattan. He sues four John Doe Officers and one Jane Doe Officer from the NYPD's Midtown South precinct.

## DISCUSSION

### A. Personal Involvement of John Doe Defendants

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing the defendant's direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted). Pleadings that fail to identify which defendants are alleged to have been responsible for which

violations may not meet this standard because such allegations do not meet Rule 8's requirement that "a complaint give each defendant "fair notice of what the plaintiff's claim is and the ground upon which it rests." *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) (internal quotations and citations omitted).

Here, it is unclear from the allegations of the complaint what each of the four John Doe Officers is alleged to have done or failed to do. For example, Plaintiff alleges that he was arrested without a warrant on December 18, 2022, and further alleges that, at the precinct, he was physically and "somewhat sexually" assaulted. (ECF 1 at 5.) Plaintiff also describes being "physically assaulted on numerous occasions" (*id.* at 4) and discusses harassment and unlawful searches and seizures in Queens County, as well as involuntary commitment to a hospital (*id.* at 7-9). Plaintiff's complaint does not give the John Doe defendants fair notice of which claims are asserted against them and the grounds on which the claims rest. Moreover, although a plaintiff is entitled to assistance from the court to identify Doe defendants, *see Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir. 1997), the information that Plaintiff has supplied is insufficient to allow the NYPD to identify the John Doe officers. Plaintiff's claims are therefore dismissed for failure to state a claim on which relief may be granted, 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead his claims in an amended complaint.

**B. Supervisory Defendant Jane Doe**

A supervisory defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official . . . ." *Tangreti v. Bachmann*, 983

F.3d 609, 620 (2d Cir. 2020). "A police officer is personally involved in the use of excessive force if [the officer] 'directly participates in an assault, or was present during the assault with reasonable opportunity to intercede on plaintiff's behalf yet failed to do so.'" *Durr v. Slator*, 558 F. Supp. 3d 1, 20 (N.D.N.Y. 2021) (citation omitted).

Plaintiff sues Jane Doe from the NYPD's Midtown South precinct, alleging that the "female officer is named as a defendant because she specifically failed to intervene in the physical and somewhat sexual assault that had taken place on her watch as she was said to have been the desk [sergeant]." (ECF 1 at 5.) Plaintiff's allegations are ambiguous. The allegations seem to suggest that Jane Doe is named because she was the desk sergeant on duty and the alleged assault took place, as Plaintiff says, "on her watch." (*Id.*) Plaintiff's allegations are insufficient to plead that Jane Doe was aware that Plaintiff was being assaulted and had a reasonable opportunity to intercede but failed to take action. The facts alleged are therefore insufficient to plead that Jane Doe was personally involved in the events underlying this claim. Plaintiff's Section 1983 claims against Jane Doe are therefore dismissed for failure to state a claim on which relief may be granted, 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead.

**C. Misjoinder**

Rules 18 and 20 of the Federal Rules of Civil Procedure govern the joinder of claims and parties, respectively. Rule 18 permits a plaintiff to join as many claims as he has against a particular defendant. *See* Fed. R. Civ. P. 18(a). In addition, Rule 20 permits a plaintiff to join multiple defendants in one action if:

> (1) a right to relief is asserted against all of the defendants, or the claims arise out of the same transaction, occurrence, or series of transactions, and (2) questions of law or fact are common to all defendants.

Fed. R. Civ. P. 20(a)(2). Although courts have interpreted Rule 20(a) liberally to allow related claims to be tried within a single proceeding, *Barr Rubber Products Co. v. Sun Rubber Co.*, 425 F.2d 1114, 1126-27 (2d Cir. 1970), "the mere allegation that Plaintiff was injured by all Defendants is not sufficient to join unrelated parties as defendants in the same lawsuit pursuant to Rule 20(a)," *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 167 (S.D.N.Y. 2009).

Plaintiff's claims against officers from the Midtown South precinct may not involve the same defendants as his claims arising in Queens County, and therefore Rule 18 does not authorize joinder of these claims. In addition, the claims arising from Plaintiff's arrest in Manhattan on December 18, 2022, do not arise from the same events as his claims in Queens County. Joinder of these unrelated claims against different defendants therefore is not warranted under Rule 20. If Plaintiff chooses to file an amended complaint to replead his claims, the Court directs him not to include claims and parties improperly joined under these standards.[3]

**D. State Law Claims**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New*

[3] The complaint is captioned for the Eastern District of New York, which is the judicial district that includes Queens County. 28 U.S.C. § 112(c). Plaintiff may therefore wish to pursue only his claims arising in Manhattan in this district and pursue his claims arising in Queens County, which likely involve different defendants, in the Eastern District of New York.

*York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because Plaintiff may be able to allege additional facts to state a valid claim, the Court grants Plaintiff 30 days' leave to amend his complaint to detail his claims.

The amended complaint should include:

a) the names and titles of all relevant people (or a description of a Doe defendant);

b) a description of **what each defendant did or failed to do**, as well as the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights; how, when, and where such violations occurred; and why Plaintiff is entitled to relief. If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

Plaintiff's federal claims are dismissed for failure to state a claim on which relief may be granted, 28 U.S.C. § 1915(e)(2)(B)(ii), and the Court declines supplemental jurisdiction of any

state law claims, 28 U.S.C. § 1367(c)(3). The Court grants Plaintiff 30 days' leave to replead his claims in an amended complaint. An amended complaint form is attached to this order.

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated: September 3, 2026
New York, New York

Louis L. Stanton

Louis L. Stanton
U.S.D.J.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

________________________________________

________________________________________

Write the full name of each plaintiff.

_____CV_______________

(Include case number if one has been assigned)

-against-

## COMPLAINT

Do you want a jury trial?

☐ Yes ☐ No

________________________________________

________________________________________

________________________________________

________________________________________

Write the full name of each defendant. If you need more space, please write “see attached” in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual’s full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual’s birth; a minor’s initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I. BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐ **Federal Question**

☐ **Diversity of Citizenship**

### A. If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

### B. If you checked Diversity of Citizenship

#### 1. Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , ____________________________________, is a citizen of the State of
(Plaintiff's name)

______________________________________________
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

________________________________________________.

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, ______________________________, is a citizen of the State of
(Defendant's name)

______________________________

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

______________________________.

If the defendant is a corporation:

The defendant, ______________________________, is incorporated under the laws of

the State of ______________________________

and has its principal place of business in the State of ______________________________

or is incorporated under the laws of (foreign state) ______________________________

and has its principal place of business in ______________________________.

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II. PARTIES

### A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

______________________________
First Name Middle Initial Last Name

______________________________
Street Address

______________________________
County, City State Zip Code

______________________________ ______________________________
Telephone Number Email Address (if available)

## B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City State Zip Code

Defendant 2:

First Name Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City State Zip Code

Defendant 3:

First Name Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City State Zip Code

Defendant 4: ______________________________

First Name Last Name

______________________________

Current Job Title (or other identifying information)

______________________________

Current Work Address (or other address where defendant may be served)

______________________________

County, City State Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: ______________________________

Date(s) of occurrence: ______________________________

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | | |
|---|---|---|
| Dated | | Plaintiff's Signature |
| First Name | Middle Initial | Last Name |
| Street Address | | |
| County, City | State | Zip Code |
| Telephone Number | | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:
☐ Yes ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

United States District Court
Southern District of New York

# Pro Se (Nonprisoner) Consent to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1. Sign up for a PACER login and password by contacting PACER[1] at www.pacer.uscourts.gov or 1-800-676-6856;
2. Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one “free look” at the document by clicking on the hyperlinked document number in the e-mail.[2] Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first “free look” or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the “free look” to avoid future charges.*

## IMPORTANT NOTICE

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court’s Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1. You will no longer receive documents in the mail;
2. If you do not view and download your documents during your “free look” and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;
3. This service does *not* allow you to electronically file your documents;
4. It will be your duty to regularly review the docket sheet of the case.[3]

[1] Public Access to Court Electronic Records (PACER) (www.pacer.uscourts.gov) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] You must review the Court’s actual order, decree, or judgment and not rely on the description in the email notice alone. *See* ECF Rule 4.3

[3] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk’s Office at the Court.

# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;
2. I have established a PACER account;
3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;
4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;
5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and
6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

**Note:** This consent will apply to all cases that you have filed in this court, so please list all of your pending and terminated cases. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

________________________________________

________________________________________

Name (Last, First, MI)

Address City State Zip Code

Telephone Number E-mail Address

Date Signature

**Return completed form to:**

Pro Se Intake Unit (Room 200)
500 Pearl Street
New York, NY 10007